IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIE JONES, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07cv3031 |
| | ) | |
| vs. | ) | ORDER |
| | ) | ON INITIAL REVIEW |
| DANIELLE UNKNOWN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for initial review of the complaint filed by the plaintiff, Willie Jones, a former prisoner who has been released from the Douglas County Correctional Center ("DCCC"). In filing no. 2, the plaintiff moves to proceed in forma pauperis ("IFP"). Because he qualifies financially and his claims are not frivolous, filing no. 2 is granted.

The plaintiff previously filed a similar action while he was incarcerated. See Case No. 8:05cv149 in this court. However, the court dismissed that case without prejudice because the plaintiff had failed to exhaust his claims under the Prison Litigation Reform Act ("PLRA"). Now that the plaintiff has filed this action as a nonprisoner, however, the PLRA does not apply to this case, and there is no exhaustion requirement.

The plaintiff alleges that, beginning on or about February 4, 2005, one of the corrections officers named as defendants, i.e., Officer McNeil, engaged in terroristic threats and harassment of the plaintiff, intentionally causing the plaintiff severe emotional distress. The others did nothing to protect the plaintiff or actively participated in the threats.

**Presumption of Official Capacity**

The complaint does not specify whether the named defendants are sued in their "individual capacity," "official capacity," or both capacities. When not specified, the law presumes that a defendant is sued *only* in an official capacity. See generally Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously say so in the pleadings).

When a County employee is sued in his or her official capacity, the real defendant is the County itself. In other words, a lawsuit against a government employee in his or her official capacity is actually a suit against the governmental employer. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Because the complaint in this case does not state that the persons named as defendants are sued in their individual capacity or in both their

1

individual and official capacities, the only defendant in this case, at this time, is Douglas County, Nebraska.

A county is liable to a plaintiff for civil rights violations only if the violations result from a "custom" or "policy" of the County, or a County agency. Under 42 U.S.C. § 1983, an employer may not be held liable for constitutional injuries merely because those injuries were inflicted by employees or other persons. See, e.g., Shrum ex rel. Kelly v. Kluck, 249 F.3d 773, 778 (8th Cir. 2001), *citing* Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 405 (1997) and City of Canton v. Harris, 489 U.S. 378, 385 (1989).

### Amendment to the Complaint

If suing the defendants, in their official capacity *only*, is not the plaintiff's intent, he may file a short amendment to the complaint within 30 days of the date of this Order, specifying that the persons named as defendants are sued in their individual capacity or in both their individual and official capacities. The plaintiff does not have to ask for leave to amend the complaint, as leave is hereby given for the purpose stated. If the plaintiff does amend his complaint to sue any defendants in their individual capacity or in both capacities, he will need to request additional summons forms and Form USM-285s. That is because government employees are served in different locations in their individual and official capacities.

### Additional Parties

If the plaintiff wishes to add any additional defendants or even "John Doe" defendants, he may do so in his Amended Complaint. All defendants must be listed in the caption of the most recent operative complaint. The only plaintiff in this case is Willie Jones, because he is the only person who signed the complaint and filed a Motion to Proceed IFP.

This case is assigned to the docket of District Judge Laurie Smith Camp. However, a Magistrate Judge may conduct initial review. Having reviewed the complaint, I find that this case need not be dismissed on initial review. Therefore, as initial review of the complaint is now completed, it is time for the plaintiff to obtain service of process on the defendants, as set forth below. Because the plaintiff is proceeding IFP, the U.S. Marshal will serve the defendants, after the plaintiff completes the appropriate forms.

IT IS THEREFORE ORDERED:

1.   To obtain service of process on the defendants, the plaintiff must complete and return forms which the Clerk of Court will provide. The Clerk of Court shall send one summons and one Form 285 to the plaintiff together with a copy of this Order.

2.   The plaintiff shall, as soon as possible, complete the forms and send them

back to the Clerk of Court. In the absence of the completed forms, service of process cannot occur.

3. When completing the forms for service of process on Douglas County (and on the defendants in their official capacity - which means Douglas County), the plaintiff must comply with Neb. Rev. Stat. § 25-510.02(2), which states: "Any county, city, or village of this state may be served by personal, residence, or certified mail service upon the chief executive officer, or clerk." **The address of the County Clerk is:  Douglas County Clerk, 1819 Farnam Street H08,  Omaha, NE 68183**.

4. The plaintiff shall have 30 days from the date of this Order to file, if he so wishes, an Amendment to his complaint specifying whether the persons named as defendants in the complaint are sued in their individual capacity, or official capacity, or both capacities. If the plaintiff files such an Amendment, he shall be entitled to additional summons and 285 forms. It would be helpful if he could request the additional forms if he files an Amendment.

5. Upon receipt of the completed summons and 285 forms, the Clerk will sign the summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal for service of process. The court will copy the complaint on the plaintiff's behalf. The Marshal shall serve the summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

6. Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. Failure to obtain service of process on a defendant within that deadline may result in dismissal of this matter without further notice as to such defendant.

7. If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

8. After an appearance has been filed by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court. Parties usually serve copies of documents on other parties by first class mail.

9. The plaintiff shall include with each document submitted to the court a "**Certificate of Service**" stating the date a true and correct copy of such document was mailed to the defendants or to the attorney of any represented defendant. **If the plaintiff does not include a Certificate of Service indicating that a copy of a communication to the court has been sent to the other parties to the case, the court will issue a Notice of Deficiency and might strike the plaintiff's communication from the record.**

10. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

11. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

12. The plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

13. IMPORTANT NOTE: **Any communication filed by the plaintiff with the court must bear the plaintiff's original signature.**

14. Filing no. 2, the plaintiff's Motion to Proceed IFP, is granted.

DATED this 31st day of January, 2007.

BY THE COURT:


s/ F. A. GOSSETT
United States Magistrate Judge

INSTRUCTIONS: SUMMONS FORMS AND FORMS 285
for plaintiffs proceeding pro se and in forma pauperis

1. A summons form provides notice to a defendant that the defendant has been sued and must answer or otherwise respond to the complaint.

2. A form USM-285 ("form 285") provides directions to the U.S. Marshal as to whom to serve with process and where to serve the defendant(s). The U.S. Marshal serves the defendant(s) without cost to you because you are proceeding in forma pauperis ("IFP").

3. Do not copy your complaint to attach to the summons; the court will do that for you.

4. You may serve only defendant(s) named in the case caption of the complaint. If you wish to serve additional defendant(s), you must move for leave to amend the complaint to add the additional defendant(s) to the case caption.

5. Be sure to print your case number on all forms.

6. You must give an address for the party to be served. The U.S. Marshal will not know a defendant's address.

7. For service on Douglas County or on a Douglas County employee in an *official* capacity, the address of the County Clerk is: Douglas County Clerk, 1819 Farnam Street H08, Omaha, NE 68183.

8. On the other hand, County employees in their *individual* capacity may be served where they can be found, e.g., at home or at their present place of employment. **However, the court will not issue a summons for service of process on a defendant in an individual capacity unless the complaint or an amendment or supplement to the complaint specifies that the defendant is sued in his or her individual capacity.**

9. Where a summons form states: "You are hereby summoned and required to serve on plaintiff's attorney" print your name and address.

10. Where a form 285 states: "send notice of service copy to requestor at name and address" print your name and address.

11. Where a form 285 calls for "signature of attorney or other originator" provide your signature and date the form.

12. Leave the last part of the summons form blank. The court will fill in the number of days in which the defendant must answer, and the court will sign and date the form.