IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **WILLIE JONES,** | ) | **CASE NO. 4:07CV3031** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| | ) | |
| **DANIELLE UNKNOWN, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the court on the defendants, unknown Captain or Sergeant #352's, unknown Bennett's, unknown McNeil's, unknown Officer #409's, unknown Ballard's, and Monica Bell's, Motion to Dismiss (filing no. 17), the Motion to Withdraw as Attorney by Derek Vaughn (filing no. 19), the plaintiff's Motion for Status of Case (filing no. 22), and the plaintiff's Motion for Leave to Proceed in forma pauperis ("IFP") (filing no. 25). The Motion to Withdraw as Attorney by Derek Vaughn is granted.

**Motion to Dismiss**

**Factual Background**

Plaintiff initially filed this case against the following Douglas County Correction Center ("DCCC") employees: unknown Danielle, unknown Sergeant or Captain #352, unknown Bennett, unknown McNeil, unknown Officer #409, unknown Ballard, and Monica Bell. Because the plaintiff did not designate whether he was suing the defendants in their individual or official capacities, upon initial review the complaint was interpreted to allege claims against only Douglas County, Nebraska. The court's order on initial review advised the plaintiff that his complaint did not seek recovery from the individual persons named as

1

defendants in their individual capacities, and if he wished to recover from these named defendants, he would need to amend his Complaint. The plaintiff filed an amendment to his Complaint specifically stating that the named defendants were sued in their individual and official capacities. (Filing No. 5.)

The plaintiff is a former prisoner who has been released from the DCCC. The plaintiff previously filed a similar action while he was incarcerated. This action was dismissed for failure to exhaust administrative remedies under the Prison Litigation Reform Act. *See Jones v. Douglas County Corrections Center, et. al.*, Case No. 805cv149. Because the plaintiff has now filed this action as a nonprisoner, the PLRA does not apply to this case. In his Complaint, plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, claiming that on February 4, 2005 defendant McNeil threatened to beat and kill plaintiff, and that the other defendant correctional officers began hitting the door and windows and pointing at the plaintiff. Plaintiff states that he asked to see the Captain and that one of the officers told plaintiff in front of the Captain that he could beat and kill plaintiff and there was nothing anyone could do to stop him. Plaintiff asserts that the Captain did not say anything in response to the threats. Plaintiff asserts that as a result of the threats he was in fear for his life and was up all night. In his Complaint, plaintiff seeks payment for damages based on emotional distress and pain due to his inability to sleep or eat and because he feared for his life.

Defendants, unknown Captain or Sergeant #352, unknown Bennett, unknown McNeil, unknown Officer #409, unknown Ballard, and Monica Bell have moved to dismiss plaintiff's claims pursuant to Federal Rule Civ. P. 12(b)(6) on the grounds that: (1) the plaintiff has failed to state a claim of constitutional deprivation upon which relief can be

granted; (2) plaintiff failed to allege facts sufficient to support a claim involving any policy or custom on the part of Douglas County; (3) the plaintiff has failed to state a cause of action upon which relief can be granted under 42 U.S.C. § 1983.  The time for response to the motion to dismiss has passed and the plaintiff failed to respond to the motion.

**Standard of Review**

When ruling on a Rule 12(b)(6) motion, the district court must accept the allegations contained in the complaint as true, and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party.  *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).  However, whether filed by a represented plaintiff or a pro se plaintiff, a complaint must allege facts sufficient to state a claim as a matter of law. *Stringer v. St. James R-1 School Dist.*,  446 F.3d 799, 802 (8th Cir. 2006).  "Although pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced.  Pro se litigants must set a claim forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."  *Stringer*, 446 F.3d at 802 (internal citations and quotations omitted).  The ruling on a 12(b)(6) motion to dismiss is based on the facts set forth in the plaintiff's complaint.  Facts outside the four corners of the complaint are not considered.

**Legal Analysis**

1.  <u>Claims Against the Defendants in Their Official Capacities</u>.

A suit against a public employee in his or her official capacity is actually a suit against the public employer. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Therefore, the plaintiff's claims against the defendants, in their official capacities, is a claim against

Douglas, County, Nebraska. *Eagle v. Morgan*, 88 F.3d 620, 629 n. 5 (8th Cir. 1996) (quoting *Kentucky v. Graham*, 473 U.S. at 166 ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity")).

A county may be liable under § 1983 if its "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

Here, the plaintiff's Complaint fails to allege that any municipal policy or custom caused the plaintiff a constitutional deprivation. As the defendants argue, the plaintiff's allegations relate to the actions of specific individuals. Therefore, the claims against the defendants in their official capacity are dismissed for failure to state a claim on which relief can be granted.

   2. <u>Claims Against Defendants in Their Individual Capacities</u>

The plaintiff asserts that his civil rights were violated by Douglas County Corrections officers when unknown McNeil threatened to beat and kill plaintiff while unknown Ballard, unknown Bennett, and unknown Officer #409 hit the windows and doors and pointed at plaintiff. Plaintiff further asserts that his civil rights were violated by the unknown Captain or Sergeant #352 who did not do anything about the harassment and Danielle from DCCC mental health who he alleges attempted to cover up for the guards.

      a.      Claims against unknown McNeil, unknown Ballard, unknown Bennett, unknown Officer #409, and unknown Captain or Sergeant #352.

42 U.S.C. § 1983 provides a remedy for certain deprivations of a claimant's civil rights. To state a claim on which relief may be granted in an action brought pursuant to 42 U.S.C. § 1983, the plaintiff must allege facts amounting to the deprivation of a right secured by the Constitution or laws of the United States, by a person or entity acting under color of state law. However, "[v]erbal threats and name calling usually are not actionable under § 1983." *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993); *see also Smith v. Copeland*, 892 F. Supp. 1218, 1230 (E.D. Mo. 1995) (gestures and abusive language, without more, are not actionable under § 1983), aff'd, 87 F.3d 265 (8th Cir. 1996); *Ellis v. Meade*, 887 F. Supp. 324, 329 (D. Me. 1995) (even threatening language by guards usually does not violate the constitutional rights of prisoners). The Eighth Circuit has held that a threat amounts to a constitutional violation only when it is a wanton act of cruelty which, if it occurred, is brutal. *See Burton v. Livingston*, 791 F.2d 97, 100 (8th Cir. 1986); *Hopson v. Fredericksen*, 961 F.2d 1374, 1378-79 (8th Cir. 1992) (verbal threats do not amount to constitutional violations unless they rise to the level of a brutal and wanton act of cruelty).

In *Burton*, the Eighth Circuit held that the plaintiff stated a claim for relief under the First and Fourteenth Amendments against a Sergeant who pointed a lethal weapon at Burton, cocked it, and repeatedly threatened Burton with instant death after Burton had given testimony against another guard in a Section 1983 action. *Burton*, 791 F.2d at 100. The death threats against Burton were accompanied by racial slurs and epithets. *Id.* There

was no apparent provocation for the Sergeant's actions other than Burton's testimony to the federal court. The Eighth Circuit held that "a prisoner retains at least the right to be free from the terror of instant and unexpected death at the whim of his allegedly bigoted custodians." *Id.*

In *Hopson v. Fredericksen*, 961 F.2d 1374 (8th Cir.1992), the plaintiff challenged a trial court's decision granting a directed verdict for an officer who allegedly uttered a racial slur and threatened to knock Hopson's remaining teeth out if he remained silent. Hopson was being transported in the back seat of a police car, and had refused to answer questions from the officer and his partner. *Id.* at 1378. Distinguishing *Burton*, the *Hopson* court pointed out that the Officer never threatened to kill plaintiff and never brandished a weapon. Hopson did not allege that he was physically assaulted or that any threatening physical gestures were made by the officer. Affirming the trial court, the Eighth Circuit found that the officer's actions failed to rise to the level of "a brutal and wanton act of cruelty" described in the *Burton* case. *Id.* at 1378-79.

Here, the plaintiff's allegations against defendants amount to: (1) unknown McNeil threatened to beat/kill plaintiff; (2) unknown McNeil threatened to spit in plaintiff's food; (3) in front of the Captain another unnamed guard threatened to beat and kill plaintiff stating that no one can do anything about it; and (4) unknown Ballard, unknown Bennett, and unknown Officer #409 hit the doors and windows and pointed at plaintiff. Taking the plaintiff's allegations as true, the court acknowledges that the threats were inappropriate and unnecessary, however, the court finds this case distinguishable from *Burton.* Plaintiff does not allege that he was at any time threatened with physical gestures or that he was physically restrained or assaulted. Plaintiff does not allege that a weapon was brandished

6

by the officers or that the threats were accompanied by racial slurs or epithets. Viewing the entirety of the circumstances, the court is not persuaded that the officer's conduct in this case constitutes the type of abuse or outrageous conduct that the Eighth Circuit has sanctioned as actionable under § 1983. *See Alexander/Ryahim v. Copeland*, No. 5:03cv00049, 2005 WL5177324 at *9 (E.D. Ark. November 10, 2005) (brandishing a six-inch blade knife and holding it to plaintiff's throat while plaintiff was restrained stated a § 1983 claim). Accordingly, the claims against unknown McNeil, unknown Ballard, unknown Bennett, unknown Officer #409, and unknown Captain or Sergeant #352 are dismissed for failure to state a claim upon which relief can be granted.

      b.     Claims against DCCC employees Danielle and Monica Bell[1]

Plaintiff's complaint also alleges that Danielle, an employee in DCCC mental health, attempted to cover up the officers' threatening behavior. However, other than this general allegation, the Complaint does not allege with any specificity what actions Danielle took to cover up the officers alleged threatening behavior. Furthermore, while Monica Bell is listed as a defendant in the caption of the Complaint, in the body of the plaintiff's complaint, plaintiff fails to allege any specific claims against defendant Monica Bell. Accordingly, plaintiff has failed to allege facts amounting to the deprivation of a right secured by the Constitution or laws of the United States, by these defendants and they are dismissed from this action.

IT IS THEREFORE ORDERED THAT:

---

[1] It is of note that DCCC employee Danielle did not file a motion to dismiss, however, because plaintiff is proceeding IFP, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) this court can sua sponte dismiss any claim that fails to state a claim upon which relief can be granted.

1. Attorney Derek Vaughn's Motion to Withdraw as attorney (Filing no. 19) is granted;

2. Plaintiff's Motion for Status of Case (filing no. 22) is denied as moot;

3. Plaintiff's Motion for Leave to Proceed IFP (Filing No. 25) is granted;

4. Defendants' Motion to Dismiss (Filing No. 17) is granted;

5. The claims against defendant Unknown Danielle are dismissed pursuant to 28 U.S.C. § 1915(e)(2);

6. The plaintiff's complaint and this action are dismissed with prejudice; and

7. A separate judgment will be entered.

DATED this 18th day of September, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge